**IN UNITED STATES DISTRICT COURT FOR THE EASTERN SECTION OF TENNESSEE AT KNOXVILLE**

BHAGUBHAI HIRA,
PRADIP HIRA,
SHIRISH HIRA,

    Plaintiffs,

v.                                           Civil Action No.: _____

NEW YORK LIFE INSURANCE COMPANY,

    Defendant.

_____

**COMPLAINT FOR DAMAGES**

_____

Comes the Plaintiffs, by and through undersigned counsel, and hereby submit this complaint for damages against the Defendant:

1. The plaintiffs are citizens and residents of Blount County, Tennessee.

2. The defendant is an insurance company having its principal place of business in the State of New York, and incorporated in a state other than Tennessee.

3. Plaintiff, Bhagubhai Hira, purchased term life insurance policies on his own life, his wife's and others as shown in Collective <u>Exhibit A</u> attached hereto.

4. These policies at issue herein with exception of policy number 44049250 were purchased through defendant's

5. agents, Thakor Champaneria, Vishnu Patel, Padma Anantani. Ms. Anantani left the employ of defendant and agent Nalin Ved took over the administration of policy.

5. In the sales presentation to the plaintiffs, defendant's agents, Thakor Champaneria, Vishnu Patel and Padma Anantani, explained to the plaintiffs that the what they were purchasing was an "Increasing Premium Term Policy" ("IPT) that guaranteed them to be able to convert the policy and get credit for the premiums paid at age 70. The credit would be applied to a new whole life policy.

6. Thakor Champaneria, Vishnu Patel, Padam Anatani further explained to plaintiffs that upon conversion of the IPT policy premiums theretofore paid would be fully credited to the new whole life policy with cash benefits.

7. More specifically, Thakor Champaneria, Vishnu Patel and Padma Anatani told plaintiffs that at conversion plaintiffs would also receive credit of the total amount of dividends towards the conversion amount. Defendant's agents also advised Plaintiffs that they were paying a higher premium for the policies because they were getting a guaranteed amount on the face of the policy and they would be able to convert the policy. Plaintiffs were justified in relying on these statements having no life insurance experience.

8. Thakor Champaneria, Vishnu Patel and Padma Anatani failed to advise the plaintiffs the impact of Steps 4 or 5 on Exhibit B despite numerous requests by the plaintiffs to do so.

9. In fact, the policy itself did not state the implication and was very confusing and misleading to any layman.

10. In fact, upon information and belief, New York Life Insurance Company trained its national sales force to mislead and present fraudulent information and further since the policy could not be understood by the laymen they relied on their sales agent.

11. The impact of the acts and omissions of the Defendant in convincing the Plaintiffs to purchase the policies listed in Exhibit A is that the Plaintiffs have been fraudulently deceived into buying a product that was not what was advertised or sold to them.

12. More specifically, Defendant has demanded from Plaintiff on policy 44 049 250 [Case No.: 3:12-CV-00373] a payment of $90, 318.13 to convert said policy or take a loan out with Defendant at 6% interest and pay $525.00 per month.

13. That if Bhagubhai Hira were to live to age 90 under the scenario now presented to him from Defendant in paragraph

5 above he would have paid $406,054 in addition to what he has already paid $70,560 for a $250,000 policy.

14. Even more revealing, looking at <u>Exhibit B</u> Under "Step 1" although Plaintiffs paid $70,560 Defendant is only giving Plaintiffs a conversion credit of $63,205.

15. Plaintiffs policy numbers set forth in <u>Exhibit A</u> are identical policies to policy 44 049 250 the only difference being, in some case, the face amount of the policies.

16. Due to the acts and omissions of the Defendant, Plaintiffs have paid premiums towards policies on <u>Exhibit A</u> in the amount of $150,000. (Policy Nos.: 47044217, 46175497, 46456556, 46669973 and 47380028).

17. Due to the acts and omissions of Defendant, Plaintiffs will lose the benefit of the face amounts of policies 47044217, 46175497, 46456556, 46669973 and 47380028 in a total amount of $2,400,000.

18. Due to the acts and omissions of the Defendant, Plaintiffs have lost the benefits of premium payments on policies 46874822, 44059464, 47015424, 46175496, 46456538, 47448229, 47718164, 47827668 and 47596643 in a total amount of $172,055.

19. Due to the acts and omissions of the Defendant, Plaintiffs have lost the benefits of face values on policies 46874822,

44059464, 47015424, 46175496, 46456538, 47448229, 47718164, 47827668 and 47596643 in a total amount of $16,000,000.

20. Plaintiffs aver that Defendant either intentionally trained their life insurance agents to market these policies in this fashion and or negligently trained their agents how to properly market these policies.

### COUNT I – FRUDUALENT CONCEALEMENT

21. Plaintiffs restate paragraphs 1-18 in support of Count I.

22. Defendant deliberately and intentionally concealed the true pay out of the life insurance policies at issue herein.

23. That to fraudulently conceal the true pay out of these policies Defendant trained its life insurance agents to misrepresent the true outcome of the life insurance policies.

24. That as a result of Defendant's fraudulent concealment Plaintiffs paid out hundreds of thousands of dollars in premiums for life policies that are basically worthless.

### COUNT II – CONSTRUCTIVE FRUAD

23. Plaintiffs restate paragraphs 1-22 in support of Count II.

24. Defendant owed a duty to Plaintiffs due to their relationship with them as their life insurance agent.

25. Defendant violated its duty owed to the Plaintiffs by making deceptive and material misrepresentations of existing facts

concerning the life insurance policies and failed to disclose material facts when Defendant had the duty to speak.

26. Plaintiffs relied on the constructive fraud of the Defendant.

27. As a proximate cause thereof Plaintiffs have been damaged and continue to be damaged.

28. Defendant gained an unfair advantage over the Plaintiffs regarding the insurance policies, which has maximized Defendant's profits.

**COUNT III – FRUAD IN THE INDUCEMENT**

29. Plaintiffs restate paragraphs 1-28 in support of Count III.

30. Defendant made intentional statements and made deliberate omissions to the Plaintiffs regarding the selling of the life insurance policies to the Plaintiffs, which amounted to a misrepresentation of material fact.

31. Defendant's misrepresentations and omissions were material to the Plaintiffs' decision to enter into the life insurance contract.

32. Plaintiffs reasonably relied on Defendant's misrepresentation.

33. As a direct result Plaintiffs have suffered economic damages.

**COUNT IV – NEGLIGENT MISREPRESENTATION**

34. Plaintiffs restate paragraphs 1-33 in support of Count IV.

35. Defendant made false representations as to existing fact of the insurance policies sold to the Plaintiffs.

36. Defendant had no reasonable ground to believe false representations to be true.

37. Defendant made the false representations to induce the Plaintiffs to purchase their life insurance policy.

38. Plaintiffs believe the Defendant's false representations concerning the life insurance policy and reasonably relied on same in entering into the life insurance contract.

39. As a direct result of the Plaintiffs' reliance on the misrepresentations made by the Defendant, Plaintiffs suffered damages.

**COUNT V – NEGLIGENT TRAINING AND SUPERVISION**

40. Plaintiffs restate paragraphs 1-39 in support of Count V.

41. Defendant's life insurance agents herein, Thakor Champaneria, Vishnu Patel and Padma Anatani were unfit or incompetent to perform the sales of life insurance they were hired by Defendant for.

42. Defendant knew or should have known that Thakor Champaneria, Vishnu Patel and Padma Anatani were unfit or incompetent and that this unfitness or incompetence created a particular risk to others.

43. That Thakor Champaneria, Vishnu Patel and Padma Anatani unfitness or incompetence in the selling of life insurance harmed the Plaintiffs.

44. Defendant's negligence in the hiring, training and supervision of Thakor Champaneria, Vishnu Patel and Padma Anatani was a substantial factor in the damages Plaintiffs have suffered.

## COUNT VI – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

45. Plaintiffs restate paragraphs 1-44 in support of Count VI.

46. Upon information and belief Defendant participates in the conduct of misleading clients on their life insurance policies in order to maximize their profits.

47. Upon information and belief Defendant conducts these illegal affairs in the selling of life insurance through the affairs of an established enterprise.

48. Upon information and belief Defendant's engagement in these illegal activities regarding the selling of life insurance policies affects interstate commerce.

49. Upon information and belief Defendant collects billions of dollars through the selling of insurance policies like the policies at issue herein through a pattern of racketeering activity.

50. As a direct result of Defendant's racketeering activity Plaintiffs have suffered millions of dollars in damages and lost life benefits.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY FOR JUDGMENT AS FOLLOWS:

A. That this complaint be filed and served upon the Defendant and that Defendant be required to answer this complaint under oath within the time required by law.

B. That Plaintiffs be awarded actual and compensatory damages against the Defendant in the amount of $19,650,000.

C. That Plaintiff be awarded treble their damages as to Count VI, as well as all their attorney fees.

D. For an award of post judgment interest.

E. For an award of all of Plaintiffs discretionary costs.

F. For costs to be taxed to the Defendant.

G. For general relief.

Respectfully submitted,

LAW OFFICE OF RUSSELL L. EGLI

/S/ RUSSELL L. EGLI
Russell L. Egli
Attorney for the Plaintiffs
11109 Lake Ridge Drive
Knoxville, Tennessee 37934
(865) 274-8872
F: (866) 936-4971
E-mail: russelleglilaw@gmail.com