UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BHAGUBHAI HIRA *et al.*,        )
                                )
    Plaintiffs,             )
                                )
v.                              )   No. 3:13-CV527-RLJ-HBG
                                )
NEW YORK LIFE INSURANCE CO.,    )
                                )
    Defendant.              )

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' First Motion to Amend Complaint [Doc. 17]. The Defendant has responded in opposition to the Plaintiffs' request. [Doc. 20]. This matter is now ripe for adjudication, and for the reasons stated herein, the Motion to Amend Complaint [Doc. 17] will be **GRANTED**.

In their motion, Plaintiffs move the Court to permit them to amend their Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiffs have complied with Local Rule 15.1 by attaching a copy of their proposed, amended pleading to the motion. [Doc. 17-1]. Plaintiffs submit that their proposed amendments more clearly describe the facts relating to the claims plead in their original Complaint, including the fraud claims and alleged RICO violations. Plaintiffs concede that the amendments would add one additional claim for breach of contract and would remove their claim for negligent training and/or supervision. Plaintiffs note that their

request to amend is timely under the Scheduling Order, and they maintain that the Defendant will not be prejudiced by the amendment because the parties have not begun taking discovery.

Defendant responds that the Plaintiffs are acting in bad faith. Defendant notes that Plaintiffs have tried to recover based upon alleged misrepresentations relating to Policy #44 049250 in two other cases: Hira v. New York Life, Case No. 3:10-CV-461; Hira v. New York Life, Case No. 3:12-CV-373. Defendant maintains that Plaintiffs are shifting their claims when dispositive motions are filed and are attempting to resurrect claims they have abandoned. Defendant also argues that Plaintiffs' amendment would be futile because: (1) Plaintiffs' tort claims are barred by the three-year statute of limitations; (2) the proposed amended Complaint does not cure defects in Plaintiffs' RICO claim; (3) the proposed amended Complaint does not cure defects in Plaintiffs' claim for constructive fraud; and (4) the Plaintiffs cannot maintain a claim for unjust enrichment because there is a valid contract in this case: the insurance policy itself.

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) (quoting Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)); see also Romero v. Buhimschi, 396 Fed. App'x 224, 235 (6th Cir. 2010). Futility is "simply defined as an amendment to the complaint that would not survive a Rule 12(b) motion to dismiss." 500 Associates, Inc. v. Vermont Am. Corp., 496 Fed. App'x 589, 593 (6th Cir. 2012).

2

In this case, the Defendant filed a Motion to Dismiss on January 27, 2014. The Motion to Dismiss constitutes a responsive pleading, and therefore, the Plaintiffs may not amend their Complaint as a matter of course. Thus, the Plaintiff now seeks the Court's leave to amend.

As stated above, the Defendant alleges that the Plaintiffs' pleading of different causes of action in three cases relating to the same allegations of misrepresentation with regard to the same policy demonstrates bad faith. Specifically, the Defendant cites the Court to the Plaintiffs' apparent abandonment of certain claims and later revival of the same claims. The Court has considered the Defendant's position, but the Court declines to find bad faith based upon Plaintiffs' changing theory of its case. Moreover, the Plaintiffs represent that the parties have not yet undertaken discovery in this case, so it appears unlikely that the evolution of Plaintiffs' claims has prejudiced the Defendant. To the extent the Defendant invokes *res judicata*, the undersigned finds that such a determination is more appropriately placed before the District Judge through a dispositive motion. Accordingly, the Court cannot find that the Motion to Amend should be denied based upon allegations that the Plaintiffs' actions were taken in bad faith.

The Court turns, next, to Defendant's allegations of futility based upon the three-year statute of limitations relating to the Plaintiffs' tort claims. The Court finds that the Defendant has placed this issue before the District Judge through its Motion to Dismiss. [See Doc. 9 at 5-6]. The undersigned has considered the Defendant's arguments, but the undersigned is not prepared to rule, on the evidence before it, that the proposed amendments could not survive a Rule 12(b) motion to dismiss. 500 Associates, 496 Fed. App'x at 593. Thus, the Court finds that it is appropriate to permit the amendment with regard to the tort claims, and the Defendant may amend or revise its Motion to Dismiss in light of any new allegations.

3

Similarly, the Court finds that the Defendant's position that the proposed, amended Complaint does not cure defects in the Plaintiffs' claim for constructive fraud or RICO claim has been presented to the Court through the Defendant's Motion to Dismiss [Doc. 9 at 7-10, 11-14]. The undersigned has considered the Defendant's arguments, but again, the undersigned is not prepared to rule, on the evidence before it, that the proposed amendments could not survive a Rule 12(b) motion to dismiss. 500 Associates, 496 Fed. App'x at 593. Thus, the Court finds that it is appropriate to permit the amendment with regard to constructive fraud and the RICO claim, and the Defendant may amend or revise its Motion to Dismiss in light of any new allegations.

Defendant also argues that the proposed amendment is futile because Plaintiffs cannot maintain a claim for unjust enrichment where there is a valid contract. The Plaintiffs, themselves, do not purport to present a claim for unjust enrichment. Instead, the Defendant contends that Plaintiffs are attempting to assert such a claim. [Doc. 20 at 3 (citing Doc. 17-1 at ¶ 48)]. The undersigned is not prepared to both find a claim in Plaintiffs' Complaint and extinguish it in a single Order. Again, to the extent the Defendant believes such a claim is being asserted improperly, the Defendant may argue for dismissal of the claim through its revised Motion to Dismiss.

Finally, the Court finds, generally, that the Plaintiffs propose to add only one new claim through their amended pleading – that is, a claim for breach of contract. The Defendant has not directed the Court to any basis for finding that this new claim for breach of contract is futile. Instead, and as indicated above, the Defendant has reiterated the arguments as to why the other, currently-pending claims should be dismissed.

4

Based upon the foregoing, the Court finds that the Plaintiffs' First Motion to Amend Complaint **[Doc. 17]** is well-taken, and it is **GRANTED**. The Plaintiffs **SHALL FILE** their proposed, amended Complaint [Doc. 17-1] as their operative pleading in CM/ECF on or before **August 27, 2014**.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge