UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BHAGUBHAI HIRA, PRADIP HIRA, and SHIRISH HIRA, | ) ) ) |
| v. | ) No. 3:13-cv-527 ) |
| NEW YORK LIFE INSURANCE COMPANY, | ) ) ) |

## **MEMORANDUM OPINION**

Defendant New York Life Insurance Company has filed a motion to enforce the parties' settlement agreement, along with a supporting memorandum, an affidavit of counsel, and supporting documentation [Docs. 42—44]. In response to an order to show cause [Doc. 45], plaintiffs acknowledge that the parties have indeed reached an agreement to settle the instant case [Doc. 46]. Defendant has replied [Doc. 47], evidencing some disagreement between the parties with how the Court should resolve this issue.

The facts are undisputed. On November 3, 2015, plaintiffs' counsel extended an offer to dismiss the instant case with prejudice in exchange for a confidential release and waiver and payment of $10,000 [Doc. 44 at ¶ 2]. Defendant accepted the plaintiffs' offer to settle the case "for $10,000, in exchange for a dismissal with prejudice of the lawsuit and a release of NYLIC, its subs, employees, and agents" [*Id.* at ¶ 3]. Defense counsel sent a proposed settlement agreement and release to plaintiffs' counsel on November 12, 2015 [*Id*. at ¶ 4]. The record reflects that both attorneys continued to correspond on the

status of the settlement agreement for the next several months [*Id*. at ¶¶ 5—10]. During this time period, plaintiffs Bhagubhai Hira and Pradip "Pete" Hira travelled to India, plaintiff Bhagubhai Hira became "gravely ill" and could not return to the United States [*Id*., Ex. C]. Plaintiffs' counsel has further advised that Mr. Hira "remains in India in very poor health, is not coherent to sign the settlement agreement and has left no power of attorney for anyone to do so on his behalf" [Doc. 46 at p. 2].

Plaintiffs suggest that the Court either stay this case until Mr. Hira's "prognosis is more clear" or direct the defendant to pay the settlement proceeds into the Court "until such time that Bhagubhai's spouse and kin are able to get his affairs in order" [Doc. 46 at p. 2]. Defendant requests that the Court enforce the terms of the parties' settlement agreement and direct that the settlement proceeds be paid either into the Court or to plaintiffs' counsel for deposit into his client trust account [Doc. 47 at p. 2].

It is undisputed that district courts have the inherent power to enforce agreements in settlement of litigation, even if the agreement has not been reduced to writing. *Bowater N. Am. Corp. v. Murray Mach. Inc.*, 773 F.2d 71, 76—77 (6th Cir. 1985); *Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Dev. Disabilities*, 141 F. App'x 437, 442 (6th Cir. 2007); *Seymour v. Renaissance Healthcare Group, LLC*, No. 3:14-CV-144-PLR-HBG, 2015 WL 1458049, at *2 (E.D. Tenn. Mar. 30, 2015 (Reeves, J.). In the present case, it is undisputed that the parties have reached an agreement to settle this case and there is no dispute as to the terms of that agreement. The fact that the agreement has not been reduced to writing signed by both parties does not diminish the existence of a valid settlement agreement. *Moore v. U.S. Postal Serv.*, 369 F. App'x 712, 717 (6th Cir.

2

2010); *Henley*, 141 F. App'x at 443. Based on the undisputed facts as set forth in the record, the Court finds that the parties have reached a binding agreement to settle this case, whereby the defendant will pay the plaintiffs $10,000 in exchange for a dismissal with prejudice and a release of claims. Accordingly, the Court will **GRANT** defendant's motion to enforce the parties' settlement agreement [Doc. 42] and dismiss this case with prejudice.

Based on the uncertain nature of Mr. Hira's health, his current presence in India, and the uncertain nature of his personal affairs, the Court finds that a stay of the case would not benefit the expedient resolution of this matter. Further, the payment of settlement proceeds into the Court would delay the ultimate payment to the plaintiffs and would require further motions and orders to release the funds upon designation of the appropriate individuals. Therefore, the Court will direct that payment of the settlement proceeds be sent to plaintiffs' counsel for deposit into his client trust account pending disbursement to the plaintiffs.

Defendant has also requested that the Court award attorney's fees in connection with the filing of this motion because the plaintiffs have acted in bad faith in refusing to execute the settlement agreement [Doc. 43 at pp. 4—5; Doc. 47 at p. 4]. Plaintiffs have not responded to this request. Without expressing an opinion on the merits of such a motion, if defendant wishes to seek attorney fees related to the instant motion, defendant shall submit its motion for attorney fees with supporting documentation within thirty (30) days.

An appropriate order will be entered.

                                        s/ Thomas W. Phillips
                                  SENIOR UNITED STATES DISTRICT JUDGE